IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY DAN WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES ATTORNEY'S OFFICE; ) <br> EXECUTIVE OFFICE FOR UNITED ) <br> STATES ATTORNEYS, ) <br> ) <br> Defendants. ) | Case No. 03-CV-674-JHP-SAJ |

## **ORDER**

Plaintiff, a federal inmate appearing *pro se*, filed this civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. He paid the filing fee in full. On January 31, 2006, the United States Magistrate Judge entered an Order (Dkt. # 29) sustaining in part and overruling in part Defendants' Emergency Motion for Protective Order. On February 7, 2006, Defendants filed an objection and appeal of the Magistrate Judge's Order (Dkt. # 30). Plaintiff has filed a reply (Dkt. # 34) to the objection and appeal. Also pending in this matter are Plaintiff's motion for judgment (Dkt. # 6), Defendants' motion for summary judgment (Dkt. # 9), Plaintiff's motion for summary judgment (Dkt. # 13), Plaintiff's motion for scheduling order (Dkt. # 17), and Plaintiff's motion to compel (Dkt. # 32).

For the reasons discussed below, the Court finds that Defendants are entitled to summary judgment on Plaintiff's FOIA claim. As a result, the Magistrate Judge improvidently denied in part Defendants' emergency motion for a protective order. Furthermore, because Defendants are entitled to summary judgment, the discovery issues have been rendered moot. Any other pending motion shall be declared moot.

*BACKGROUND*

### A. Plaintiff's Claims

In his complaint, Plaintiff alleges that Defendants violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in failing to produce certain documents he had requested. Plaintiff sets forth a chronology summarizing his unsuccessful efforts to obtain the materials requested under FOIA. He asserts that "copies of the taped telephone conversations are imperative to Plaintiff's defense that he was coerced into pleading guilty [in N.D. Okla. Case No. 97-CR-171-HDC] with unjustified threats made without probable cause." (Dkt. # 1 at 5-6). In addition to seeking production of the requested recordings and documentation, Plaintiff seeks $100,000 in compensatory and punitive damages. Id. at 6.

### B. Summary of Uncontroverted Facts

1. By letter dated September 12, 2002, Plaintiff requested "taped telephone conversations made from the Tulsa County Jail, beginning from April 19th, 1998, until Plaintiff was transferred to federal prison, and copies of the log indicating the dates the calls were made and numbers to which they were made." (Dkt. # 1 at 1).

2. By letter dated October 15, 2002, the Executive Office of United States Attorneys ("EOUSA") notified Plaintiff that his request was defective and provided a form to correct his request. (Dkt. # 9, Ex. 1, attachment B).

3. On September 16, 2002, Plaintiff filed a motion in his criminal case, N.D. Okla. Case No. 97-CR-171-HDC, requesting the records. (N.D. Okla. Case 97-CR-171-HDC, Dkt # 419). On October 29, 2002, Judge Cook denied the motion, finding that jurisdictional prerequisites were not present for consideration of the motion. (Dkt. # 9, Ex. 1, attachment C).

4. By letter dated October 28, 2002, Plaintiff submitted a second request to EOUSA. (Dkt. # 9, Ex. 1, attachment D).

5. EOUSA acknowledged receipt of the second request by letter dated December 1, 2002. (Dkt. # 9, Ex. 1, attachment E).

6. Plaintiff commenced the instant civil action on September 29, 2003. (Dkt. # 1).

7. After commencement of this action, EOUSA confirmed an earlier finding by the United States Attorney's Office for the Northern District of Oklahoma that there were no responsive documents and notified Plaintiff of that determination by letter dated January 12, 2004. (Dkt. # 9, Ex. 1, attachment F).

8. By Declaration dated January 23, 2004, John F. Boseker, Attorney advisor in the EOUSA, provided details concerning Plaintiff's request for records and the search conducted by the Office of the United States Attorney for the Northern District of Oklahoma. (Dkt. # 9, Ex. 1).

**C. Order of Magistrate Judge**

On July 15, 2005, Defendants filed an emergency motion for protective order (Dkt. # 21) seeking a stay of discovery pending resolution by the Court of the parties' cross motions for summary judgment. Defendants attached Plaintiff's "extensive" discovery requests to the motion. See Dkt. # 21, Ex. A. Plaintiff filed a response (Dkt. # 22) to Defendants' motion for a protective order. In his response, Plaintiff clarified the purpose of this civil action. He states that his "Civil Complaint relates to the Defendants' failure to comply with procedural requirements and violations of Plaintiff's due process rights, and even the underlying (FOIA) request only pertained to telephone

records that would prove Plaintiff's guilty plea was involuntary, which is not related to Plaintiff's guilt or innocence or the actual criminal investigation." See Dkt. # 22 at 4.

In granting in part and denying in part Defendants' motion for a protective order, the Magistrate Judge determined that "Plaintiff's FOIA request dated November 2, 2002 did not originally receive a proper response and was never fully answered until after the civil complaint was filed herein on September 29, 2003," see Dkt. # 29, and directed Defendants to answer fully Interrogatories No. 1, 2, 3, 4, and 6 within 60 days of the order. The motion for protective order was sustained as to Plaintiff's remaining Interrogatories, Demands for Admissions, and Motion for Production. See Dkt. # 29. Defendants object to the ruling, asserting that the Magistrate Judge applied the wrong standard for allowing discovery in a FOIA action. See Dkt. # 30.

Regardless of whether or not the Magistrate Judge applied the correct standard in addressing Defendants' emergency motion for a protective order, the Court finds that since Defendants are entitled to summary judgment in this matter, all pending motions and issues arising from Plaintiff's requests for discovery are moot.

*ANALYSIS*

**A. Summary Judgment Standard**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on

its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id. citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court cannot resolve material factual disputes at summary judgment based on conflicting affidavits. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). The mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "[T]here must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Id. at 252. Only material factual disputes preclude summary judgment; immaterial disputes are irrelevant. Hall, 935 F.2d at 1111. Similarly, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. Id. Conclusory or self-serving affidavits are not sufficient. Id. If the evidence, viewed in the light most favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327.

**B. Private cause of action under FOIA**

The FOIA was intended "to facilitate public access to Government documents." United States Dep't of State v. Ray, 502 U.S. 164, 173 (1991). It "'reflect[s] a general philosophy of full agency disclosure[,]'" John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989) (quoting Dep't of Air Force v. Rose, 425 U.S. 352, 360-61 (1976)), to "'ensure an informed citizenry, vital to the functioning of a democratic society.'" F.B.I. v. Abramson, 456 U.S. 615, 621 (1982) (quoting

5

N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214 (1978)). Manna v. United States Dep't of Justice, 51 F.3d 1158, 1163 (3d Cir.1995). "To achieve ... [these] goal [s], the FOIA is designed to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" Anderson v. Dep't of Health and Human Servs., 907 F.2d 936, 941 (10th Cir. 1990) (quoting Wren v. Harris, 675 F.2d 1144, 1145 (10th Cir.1982) (quoting in turn Rose, 425 U.S. at 361)). The public's access, however, is not "'all- encompassing,'" for it is allowed "'only to information that sheds light upon the government's performance of its duties.'" Sheet Metal Workers Local No. 9 v. United States Air Force, 63 F.3d 994, 996 (10th Cir. 1995) (quoting Hale v. United States Dep't of Justice, 973 F.2d 894, 898 (10th Cir. 1992), *vacated on other grounds*, 509 U.S. 918 (1993)). "[T]he FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control." Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 151 (1980).

The FOIA, in part, obligates an agency to make "promptly available" records that are "reasonably describe[d]" in a request. 5 U.S.C. § 552(a)(3). A district court reviews *de novo* an agency's decision on an FOIA request. 5 U.S.C. § 552(a)(4)(B); Jones v. F.B.I., 41 F.3d 238, 242 (6th Cir. 1994). "[T]he burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); John Doe, 493 U.S. at 152. To prevail on summary judgment in a FOIA case where full disclosure is claimed, the agency "'must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.'" Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The issue is not whether there might be more documents, Kowalczyk v. Dep't of Justice, 73 F.3d 386, 388 (D.C. Cir. 1996), but whether the search was adequate, Steinberg, 23 F.3d at 551.

"'The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, non-conclusory affidavits submitted in good faith.'" Steinberg, 23 F.3d at 551 (quoting Weisberg, 745 F.2d at 1485); see Kowalczyk, 73 F.3d at 388. An agency's affidavits or declarations are "'accorded a presumption of good faith.'" Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994) (quoting SafeCard Servs., Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991)).Consequently, discovery on the agency's search "generally is unnecessary if the agency's submissions are adequate on their face." Id.

"To assess the adequacy of . . . [an agency's] search, we must first ascertain the scope of the request itself." Nation Magazine, Washington Bureau v. United States Customs Serv., 71 F.3d 885, 889 (D.C. Cir. 1995); see also Gillin v. I.R.S., 980 F.2d 819, 822 (1st Cir. 1992) ("The adequacy of an agency's search 'is measured by the reasonableness of the effort in light of the specific request.'" Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986)."). The requester must "reasonably describe[ ]" the records sought. 5 U.S.C. § 552(a)(3). "A request reasonably describes records if 'the agency is able to determine precisely what records are being requested.'" Kowalczyk, 73 F.3d at 388 (quoting Yeager v. Drug Enforcement Admin., 678 F.2d 315, 326 (D.C. Cir. 1982)). On the other hand, the "agency also has a duty to construe a FOIA request liberally." Nation Magazine, 71 F.3d at 890 (citations omitted).

"To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate." Nation Magazine, 71 F.3d at 890 (citation omitted). In short, the agency's affidavits or declarations must establish "that the agency has conducted a thorough search." Carney 19 F.3d at 812; see also Manna, 51 F.3d

at 1162-63. "The affidavits must be 'reasonably detailed . . . , setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" Nation Magazine, 71 F.3d at 890 (quoting Oglesby v. United States Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)). "'If, . . . , the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper.'" Kowalczyk, 73 F.3d at 388 (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)).

The FOIA does not provide a private right of action for monetary damages. Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993); Soghomonian v. United States, 82 F.Supp.2d 1134, 1147 n. 9 (E.D. Cal. 1999); Gasparutti v. United States, 22 F.Supp.2d 1114 (C.D. Cal. 1998); Daniels v. St. Louis VA Reg'l Office, 561 F.Supp. 250, 251 (E.D. Mo. 1983); Diamond v. FBI, 532 F.Supp. 216, 233 (S.D. N.Y. 1981), *aff'd*, 707 F.2d 75 (2d Cir. 1983). Instead, the remedy under FOIA is limited to "enjoin[ing] the agency from withholding agency records and to order[ing] the production of any agency records improperly withheld from the complainant." Coolman v. I.R.S., 1999 WL 675319, at *7 (W.D. Mo. 1999) (quoting 5 U.S.C. § 552(a)(4)(B)).

**C. Defendants are entitled to summary judgment**

The pleadings filed by Plaintiff in this case reflect both a misunderstanding of the scope of an agency's obligations and an erroneous assumption concerning remedies available under FOIA. As indicated above, monetary damages may not be recovered. The only remedy available is production of withheld records in the agency's possession. According to the Declaration of John F. Boseker (Dkt. # 9, Ex. 1), in response to Plaintiff's FOIA request for records, the Office of the United States Attorney for the Northern District of Oklahoma searched Plaintiff's criminal case file. The Declaration is reasonably detailed and sets forth the type of search performed. As a result of

the search, the agency found no material responsive to Plaintiff's request. The Court finds that the Declaration of John F. Boseker reflects that Defendants undertook a sufficient search for the records requested by Plaintiff.

In response to Defendants' motion for summary judgment, Plaintiff complains that he was not promptly served with the findings and that the search for records was inadequate since "it is unreasonable to believe that telephone logs from the Tulsa County Jail do not exist." (Dkt. # 10 at 5). Plaintiff requests that the Defendants be required to conduct a thorough search of the Tulsa County Jail records. He does not allege or even suggest that requested records are in the possession of the Office of the United States Attorney for the Northern District of Oklahoma and have been withheld.

The Court finds Plaintiff has failed to controvert Defendants' evidence that the search was adequate. Nor has Plaintiff set forth any basis for the Court to find that the Declaration is not to be accorded a presumption of good faith. The FOIA requires an agency to search adequately its own records. The adequacy of Defendants' search in this case does not extend to searching the records of third parties, such as the Tulsa County Jail. See United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144 (1989). Nothing in FOIA compels such a result. The Court finds Defendants conducted an adequate search and found no records requested by Plaintiff. While it appears Plaintiff did not receive prompt notification of the results of the search, that does not alter the Court's conclusion that he is not entitled to any relief in this action.

## *CONCLUSION*

Defendants are entitled to judgment as a matter of law on Plaintiff's FOIA claim. Therefore, Defendants' motion for summary judgment shall be granted. Issues concerning Plaintiff's discovery requests are rendered moot. Any pending motion shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendants' motion for summary judgment (Dkt. # 9) is **granted**.

2. Issues concerning Plaintiff's discovery requests are **declared moot**.

3. Any pending motion is **declared moot**.

4. A separate Judgment shall be entered in this case.

SO ORDERED THIS 16th day of March 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma